**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CITRUS AMERICA, INC.,

    Plaintiff,

v.                                             Case No: 6:19-cv-489-Orl-40GJK

BERENTZEN-GRUPPE, AG,

    Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendant Berentzen-Gruppe AG's Motion to Dismiss (Doc. 2 (the "**Motion**")), Plaintiff's Response in Opposition (Doc. 17), and Plaintiff's Supplemental Response (Doc. 27). With briefing complete, the matter is ripe. Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**

This case arises out of turbulent business dealings in the American kitchen appliance industry. (Doc. 1-1). In 2011, Plaintiff Citrus America, Inc. ("**CAI**"), was assigned a distribution agreement to sell and service Citrocasa juicers made by Technic-Marketing-Products GmbH ("**TMP**"). (*Id.* ¶¶ 2, 8–9; Doc. 2-1, ¶¶ 15–17).[1] Plaintiff alleges that executives at Berentzen (and TMP at Berentzen's direction) attempted over several

---

[1] Plaintiff CAI is a Florida corporation with its principal place of business in Florida. (Doc. 1-1, ¶ 2). TMP is an Austrian company and wholly owned subsidiary of Defendant Berentzen-Gruppe, AG ("**Berentzen**"). (Doc. 1-1, ¶ 10; Doc. 2-1, ¶ 15). For its part, Berentzen is a publicly traded company organized under German law. (Doc. 1-1, ¶ 2; Doc. 2-1, ¶ 3).

months to interfere with CAI's business relationships and divert business and distribution rights from CAI to its competitors. (Doc. 1-1).

Because Defendant now moves to dismiss for lack of personal jurisdiction, the Court limits its factual universe to facts bearing on the Motion. In November 2016, Berentzen's CEO attended a dinner in Miami with one of CAI's competitors and meetings at the competitor's Miami office (attended by CAI) to discuss and further "CAI's ouster and replacement" with a competitor. (*Id.* ¶ 19; Doc. 17-1, ¶¶ 22–24). Further, Berentzen sent numerous email correspondence relating to the purported interference to CAI officials, with these emails being received by CAI at its Florida office. (Doc. 1-1 ¶ 5; Doc. 17-1, Ex. I, Ex. L, Ex. O; Doc. 27-3). The Complaint alleges that Berentzen's conduct caused breaches of Plaintiff's distributor agreement and an employee's nondisclosure agreement, giving rise to claims for tortious interference and violation of Florida's Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), Fla. Stat. §§ 501.201 *et seq.* (Doc. 1-1).

## II. STANDARD OF REVIEW

A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010). A plaintiff bringing suit against a nonresident defendant must allege "sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Court must accept the allegations in the complaint as true where they are uncontroverted by the defendant's affidavits and resolve all reasonable inferences in the plaintiff's favor. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "The plaintiff bears the burden of proving 'by affidavit the

basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'" *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (quoting *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).

## III. DISCUSSION

The issue to be decided is whether Defendant is subject to specific personal jurisdiction before this Court.[2]

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Personal jurisdiction disputes involve a two-step inquiry: "(1) whether personal jurisdiction exists . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Defendant contests both elements. (Doc. 2).

The Due Process Clause requires that a defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional

---

[2] Personal jurisdiction can be general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "'Specific' or 'case-linked' jurisdiction 'depends on an affiliatio[n] between the forum and the underlying controversy.'" *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (quoting *Goodyear*, 564 U.S. at 919). Plaintiff makes ambiguous arguments that Defendant is subject to general jurisdiction based on "continuous and systemic contacts with" Florida. (Doc. 17). This position is unsupported by the law. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (finding that a corporation is subject to personal jurisdiction only in forums "in which the corporation is fairly regarded as at home," meaning its "place of incorporation and principal place of business"). Defendant is not subject to general personal jurisdiction in Florida.

notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

      1.    *Long-Arm Statute*

Florida's long-arm statute provides for jurisdiction over any person "committing a tortious act" within the state. Fla. Stat. § 48.193(1)(b). To commit a tort within Florida, "a defendant's physical presence is not required," and such a tort may be accomplished "through the nonresident defendant's telephonic, electronic, or written communications into Florida. However, the cause of action must arise from the communications." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Here, Plaintiff has sufficiently alleged that Defendant's conduct falls within the scope of Florida's long-arm statute, insofar as Defendant's visits to Florida coupled with communications into the state gave rise to claims for tortious interference and violation of the FDUTPA. *See Am. Vintage Gun & Pawn, Inc. v. Hogan Mfg., LLC*, No. 8:12–cv–25, 2012 WL 2366690, at *2 (M.D. Fla. June 21, 2012); *Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1331 (S.D. Fla. 2010) ("If an individual tortiously interferes with a business relationship outside of Florida that causes injury in Florida, the individual is subject to personal jurisdiction under the Florida long-arm statute.").

      2.    *Minimum Contacts*

The "minimum contacts" requirement "is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum state, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Licciardello*, 544 F.3d at 1284 (internal citations omitted). This requirement can be met by a single act so long as it

4

creates a "substantial connection" between the defendant and the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985).

Here, Plaintiff's claims arise from Defendant's actions purposefully directed toward Plaintiff in Florida, causing injuries in the state. The CEO Miami visit coupled with numerous phone calls and emails to Plaintiff and its competitors in Florida were purposefully directed toward (and caused injury in) the state, satisfying the "minimum contacts" requirement. *See Am. Vintage Gun & Pawn*, 2012 WL 2366690, at *3.

Minimum contacts is likewise satisfied under the *Calder* "effects" test due to Defendant's alleged intentional torts. "When an intentional tort is alleged, personal jurisdiction may be supported over a non-resident defendant who has no other contacts with the forum." *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1298 (S.D. Fla. 2009) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)); *see also Licciardello*, 544 F.3d at 1287–88. The "effects" test provides for the exercise of personal jurisdiction over nonresident defendants who commit (1) an intentional tort (2) aimed at the forum state (3) that causes harm in the forum state that was foreseeable. *Licciardello*, 544 F.3d at 1286.

The "effects" test easily supports jurisdiction in this case. Plaintiff alleges that Defendant intentionally and tortuously interfered with Plaintiff's business relationships in Florida. Thus, Defendant's actions amount to (1) an intentional tort (2) aimed at Florida (3) that foreseeably caused Plaintiff harm in Florida. *See Licciardello*, 544 F.3d at 1286; *Commodores Entm't Corp. v. McClary*, No. 6:14–cv–1335–Orl–37GJK, 2015 WL 1242818, at *4 (M.D. Fla. Mar. 18, 2015); *Exhibit Icons*, 609 F. Supp. 2d at 1298. "The Constitution is not offended by the exercise of Florida's long-arm statute to effect personal

jurisdiction over [Defendant] because [its] intentional conduct" both within and outside Florida were calculated to injure Plaintiff in Florida. *See Licciardello*, 544 F.3d at 1286.

### 3. Fair Play and Substantial Justice

To comport with Due Process, the exercise of jurisdiction over a defendant also must "not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. When "a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477.[3] Defendant has not made such a compelling case. Indeed, Defendant did not affirmatively dispute the point. (*See* Doc. 2). Furthermore, Florida has a strong interest in "affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardo*, 544 F.3d at 1288.

## IV. CONCLUSION

In sum, the Complaint sufficiently alleges a bases for the exercise of personal jurisdiction over Defendant. The affidavits and exhibits submitted by Plaintiff in response to Defendant's jurisdictional challenge fortify this conclusion.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Berentzen-Gruppe AG's Motion to Dismiss (Doc. 2) is **DENIED**. Defendant shall answer the Complaint no later than June 21, 2019.

---

[3] Relevant considerations "include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardo*, 544 F.3d at 1288.

**DONE AND ORDERED** in Orlando, Florida on June 7, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties